UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MAGALY E. HERIVEAUX,

                Plaintiff,           **REPORT AND RECOMMENDATION**
                                                                **17 CV 6178 (ENV)(LB)**

      -against-

THE ADDICTION REHABILITATION
CENTER,

                Defendant.
-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       Plaintiff, Magaly E. Heriveaux, who is proceeding *pro se*, moves for a second time for a default judgment against her former employer, The Addiction Rehabilitation Center,[1] alleging that it discriminated against her when it failed to accommodate her request to change her schedule to observe the Sabbath and terminated her in retaliation for the request.[2] ECF No. 24. The Honorable Eric N. Vitaliano referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). Plaintiff has diligently pursued this case and this process has taken many years. However, as explained in this Report, it is respectfully recommended that plaintiff's motion for a default judgment should be denied. Plaintiff's second amended complaint fails to plausibly allege that defendant discriminated or retaliated against her. Accordingly, this case should be dismissed.

---

[1] Defendant may be out of business. Copies of the Court's October 18, 2022 and December 2, 2022 orders sent to defendant at the address plaintiff provided were returned as undeliverable. See ECF Nos. 15, 18.

[2] Plaintiff's request, ECF No. 24, was filed on January 26, 2024 and is docketed as a motion for leave for file a second amended complaint. While plaintiff asks the Court to "enter a motion for amended complaint in favor of plaintiff," the Court already granted plaintiff leave to file a second amended complaint. ECF No. 23. Plaintiff also moves pursuant to Rule 55, which governs entry of a default judgment. The Court therefore liberally construes ECF No. 24 as plaintiff's second amended complaint and plaintiff's motion for a default judgment.

**PROCEDURAL HISTORY**

The Court assumes the reader's familiarity with prior orders. Plaintiff commenced this *pro se* employment discrimination action on October 20, 2017. On July 23, 2021, the Clerk noted entry of defendant's default. ECF No. 13. Plaintiff moved for a default judgment, ECF No. 17, which the Court ultimately denied with leave to file an amended complaint. See ECF No. 19 ["July 2023 Report"], adopted by Order dated July 11, 2023.

In my July 2023 Report recommending that plaintiff's first motion for a default judgment should be denied, I found that plaintiff failed to plausibly state a discrimination claim because she did not allege that she was terminated based on her observance of the Sabbath. See generally, ECF No. 19. Plaintiff's complaint failed to allege any facts to demonstrate that her requested accommodation motivated her termination. Id. The Court liberally construed her complaint as raising a retaliation claim, but found this claim, too, fell short because plaintiff failed to plausibly show that her termination was caused by her request for an accommodation. Id. Plaintiff's complaint alleged that she requested a religious accommodation in June 2016 and then, approximately six months later, she no longer worked for defendant. Id. Plaintiff's complaint did not even allege that she was terminated. Id. The Court stated the six months between her request for an earlier shift on Fridays to observe the Sabbath and her termination was too attenuated to establish causation. In granting leave to amend, I explicitly stated that any amended complaint should "address the issues raised by this Report including . . . any facts that give rise to an inference that defendant discriminated against her based on her religion, or that defendant retaliated against her because of her request for an accommodation of her Sabbath observance." Id. at 13.

Plaintiff filed an amended complaint on October 26, 2022. ECF No. 22. As the one-page amended complaint omitted many critical details found in her original complaint, including the dates of the alleged events, the names and jobs of those involved, her religion, and whether (and when) she filed a discrimination charge with the Equal Opportunity Employment Commission ("EEOC"), the Court afforded plaintiff one final opportunity to file a second amended complaint to remedy these deficiencies. ECF No. 23. The Court warned plaintiff that it would not look to facts outside the amended complaint. Id. On January 26, 2024, plaintiff filed what the Court construes as the second amended complaint ("SAC") and instant motion for a default judgment. ECF No. 24.

## BACKGROUND[3]

Plaintiff was employed by defendant from January 25, 2016 to December 9, 2016, when she was terminated.[4] ECF No. 24 at 1. At some point after she was hired, plaintiff informed her supervisor, Annette Burwell, that she was a Seventh-day Adventist and requested a religious accommodation to observe the Sabbath on Fridays, when she was scheduled to work from 1:00 p.m. to 9:00 p.m. Id. Despite agreeing to accommodate plaintiff, Ms. Burwell never did. Id. Plaintiff alleges that at some point after she requested a religious accommodation, she was placed under scrutiny for taking sick days, whereas two other employees could use sick time without any issues. Id. On September 13, 2016, plaintiff called out sick to undergo a biopsy. Id. Plaintiff next took a sick day on November 16, 2016, after which plaintiff was provided with "a memo on November 18, 2016." Id. Plaintiff alleges her "work performance came into question" despite the fact that she "performed according to the agency standards." Id. Plaintiff was "pressured to sign a

---

[3] These facts are drawn solely from the SAC. ECF No. 24.
[4] While the SAC states plaintiff began work in 2026, the Court assumes this is a typo.

3

false document" and was terminated on December 9, 2016. Id. Upon her termination, plaintiff alleges "the agreement from the [d]efendant to accommodate this Sabbath request for a different shift [was] moot." Id.

## DISCUSSION

**Standard of Review**

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk has noted entry of a defendant's default, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Id. 55(b)(2). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). "Accordingly, just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right[.]" Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc., No. 08-CV-3168, 2009 WL 4929419, at *2 (E.D.N.Y. Dec. 21, 2009) (citing Erwin DeMartino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).[5]

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997) (citations omitted). In determining whether to issue a default judgment, the Court has the "responsibility to ensure that the factual allegations, accepted as true,

---

[5] The Clerk of Court is directed to send plaintiff the attached of copies of all the unreported cases cited herein.

provide a proper basis for liability and relief." Rolls-Royce plc v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "'[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" Id. at 153 (internal quotation and citation omitted).

### I. Rule 55

Before turning to the merits of plaintiff's SAC, plaintiff failed to request the Clerk to note entry of default regarding her second amended complaint, the first step in the two-step procedure under Rule 55. Where, as here, a plaintiff's amended complaint contains no new claims against a defaulting defendant, the amended complaint is operative upon filing; service is not required. Fed. R. Civ. P. 5(a)(2). However, filing an amended complaint moots the Clerk's prior entry of default. Field v. Exponential Wealth Inc., No. 21-CV-1990, 2023 WL 2263120, at *11 (S.D.N.Y. Feb. 27, 2023) ("If, after a default has been entered against a defendant, a plaintiff files an amended complaint which becomes operative, the entry of default becomes moot, and a motion for default judgment based on that default must be denied as moot." (quotation omitted)).

When plaintiff filed her first amended complaint, the Clerk's prior entry of default became moot. Plaintiff should have requested entry of default based on defendant's failure to respond to her SAC—which became operative upon filing—before moving for a default judgment based on that pleading. She failed to do so. This procedural misstep would be sufficient grounds to deny plaintiff's motion. Vasquez v. Young Chow Garden, Inc., No. 17-CV-5605, 2018 WL 11452581, at *1 (S.D.N.Y. Nov. 16, 2018). But denial of her motion for this reason is not required nor would it be an efficient use of the Court's or plaintiff's resources. The Court "possesses the inherent

5

power to enter a default." Peterson v. Syracuse Police Dep't, 467 F. App'x 31, 33 (2d Cir. 2012) (summary order); see also Eduardo Maldonado Lopez v. Cajmant LLC, No. 15-CV-593, 2016 WL 7017361, at *2 n.1 (E.D.N.Y. Dec. 1, 2016) (citing Peterson for the proposition that failure to request an entry of default "is not dispositive" as to motion for default judgment). Therefore, the Court considers the merits of plaintiff's motion for a default judgment.

## II. Title VII

### A. Failure to Accommodate

Here, plaintiff alleges that defendant violated Title VII by failing to accommodate her religious practice—specifically, her Sabbath observance. Title VII imposes on an employer a "statutory obligation to make reasonable accommodation for the religious observances of its employees, short of incurring an undue hardship." Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 75 (1977). "[T]he rule for disparate-treatment claims based on a failure to accommodate a religious practice is straightforward: An employer may not make an applicant's religious practice, confirmed or otherwise, a factor in employment decisions." E.E.O.C. v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768, 773 (2015). "[W]ith respect to reasonable accommodation claims, a plaintiff may satisfy [their] minimal burden [to state a claim] . . . by plausibly alleging that they: (1) actually require an accommodation of his or her religious practice; and (2) that the employer's desire to avoid the prospective accommodation was a motivating factor in an employment decision." Giurca v. Bon Secours Charity Health Sys., No. 23-200, 2024 WL 763388, at *1 (2d Cir. Feb. 26, 2024) (summary order) (cleaned up). A plaintiff "must allege" that she was "disciplined for failure to comply with the . . . employment requirement" that conflicted with her

6

religious practice.[6] Sughrim v. New York, 503 F. Supp. 3d 68, 97 (S.D.N.Y. 2020) (quoting Baker v. The Home Depot, 445 F.3d 541, 546 (2d Cir. 2006)). Thus, the fact that a plaintiff's religious practice was not accommodated does not, alone, satisfy a plaintiff's burden to allege that her subsequent termination was motivated by her employer's desire to avoid providing the requested accommodation.

Here, while plaintiff disagrees with defendant's proffered reason for terminating her, there is no allegation that defendant's desire to avoid providing her a Sabbath accommodation was a motivating factor in defendant's decision. The Court understands that plaintiff was never given the accommodation she requested, an earlier shift on Fridays, but plaintiff does not allege that she was disciplined for failing to comply with defendant's requirement that she work on the Sabbath. Rather, plaintiff alleges that she was terminated based on allegations about her work performance. While plaintiff alleges that defendant took issue with her use of sick days, she does not allege that she took these sick days so she could observe the Sabbath. In fact, plaintiff explicitly alleges she took at least one sick day to get a biopsy. Neither September 13, 2016 nor November 16, 2016, the dates she called out sick, were Fridays. Plaintiff therefore fails to plausibly allege that defendant discriminated against her based on a failure to accommodate claim.

---

[6] Here, plaintiff claims that defendant failed to accommodate her Sabbath observance, not that she was treated differently based upon her adherence to the Seventh-day Adventist religion. A plaintiff proceeding under a theory of discrimination against her religion may, of course, point to the fact that an employer failed to accommodate her religious practice to support a claim that her religion was a "motivating factor" in an employer's adverse action. Vega v. Hempstead Union Free School Dist., 801 F.3d 72, 86 (2d Cir. 2015). Animus towards a particular faith may well manifest as a hostility to accommodating that faith's religious practices. But where, as here, plaintiff does not allege any additional facts suggesting that defendant terminated her because of her religion, the Court cannot infer religious discrimination from defendant's failure to honor her accommodation request alone. See Salas v. New York City Dep't of Investigation, 298 F. Supp. 3d 676, 687 (S.D.N.Y. 2018) ("An inference of discrimination can be drawn from circumstances including 'actions or remarks made by [decision makers] that could be viewed as reflecting a discriminatory animus,' or 'preferential treatment given to employees outside the protected class[.]'" (quoting Chertkova v. Connecticut Gen. Life Ins. Co., 92 F.3d 81, 91 (2d Cir. 1996)).

7

B. Retaliation

Title VII forbids an employer from retaliating against an employee opposed to "any practice made . . . unlawful" by the statute, or because the employee filed "a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "To establish a *prima facie* case of retaliation, an employee must show that (1) she was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." Lore v. City of Syracuse, 670 F.3d 127, 157 (2d Cir. 2012).

To establish a causal connection between the protected activity and an adverse action that followed, plaintiff "must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." Vega, 801 F.3d at 90 (citation omitted). But-for causation does not require that retaliation "was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." Id. at 91 (quoting Zann Kwan v. Andalex Grp., LLC, 737 F.3d 834, 846 (2d Cir. 2013)). The fact that an employer took adverse action against an employee shortly after they engaged in protected activity may support an inference of "but for" causation. Id. (quoting Zann Kwan, 737 F.3d at 845).

Here, plaintiff requested a shift change on Fridays as a religious accommodation for her Sabbath observance, which is protected activity under Title VII. Stancu v. New York City/Parks Dept, No. 20-CV-10371, 2022 WL 4581844, at *6 (S.D.N.Y. Sept. 29, 2022); Levy v. Legal Aid

8

Soc'y, 408 F. Supp. 3d 209, 216–17 (E.D.N.Y. 2019). Defendant was aware of the request and plaintiff's termination is a materially adverse action.

However, plaintiff does not plausibly allege that she was fired *because* she requested the Sabbath accommodation. Plaintiff cannot rely on temporal proximity between her request and her termination to establish causation because she does not allege the dates on which she requested a religious accommodation. The Court explicitly raised this issue in its July 2023 Report addressing her original complaint, which did allege one date on which plaintiff requested an accommodation. ECF No. 19 n.8 ("While plaintiff allegedly requested an accommodation . . . 'on several occasions,' compl. at 6, she does not allege any other requests beyond June 2016."). Plaintiff's SAC alleges she was fired for taking sick days, not for requesting a religious accommodation. Plaintiff alleges she took a sick day on November 16 and she was terminated on December 9. She fails, however, to connect the sick day or her termination to her request for a religious accommodation. Plaintiff's SAC therefore fails to state a plausible retaliation claim under Title VII.

## LEAVE TO AMEND

"Ordinarily, *pro se* plaintiffs are granted opportunities to amend their complaints freely, however, courts need not afford plaintiffs an opportunity to amend where it is clear that any attempt to amend the complaint would be futile." Kimmel v. New York State Assembly, No. 20-CV-1074, 2020 WL 6273975, at *3 (E.D.N.Y. Oct. 26, 2020) (citing Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000)). "As the Second Circuit has explained, '[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.'"

Baptiste v. Doe, No. 23-CV-665, --- F. Supp. 3d. ---, 2023 WL 4304748, at *5 (N.D.N.Y. June 30, 2023) (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)).

Here, the Court afforded plaintiff leave to file an amended complaint to address the identified deficiencies in her complaint on two separate occasions. See ECF Nos. 19, 23. The July 2023 Report specifically identified what was missing. Plaintiff instead filed an amended complaint that omitted many critical details found in her original complaint. Plaintiff was afforded another opportunity to amend but, for the reasons set forth in this Report, plaintiff's SAC fails to state a plausible claim. As "plaintiff was afforded a fair and reasonable opportunity" to amend, she should not be granted leave to file a third amended complaint. Baptiste, 2023 WL 4304748, at *5; see also Campbell v. Columbia University, No. 22-CV-10164, 2023 WL 6038024, at *5 (S.D.N.Y. Sept. 15, 2023) ("[L]eave to amend is properly denied where all indications are that the *pro se* plaintiff will be unable to state a valid claim.").[7]

## CONCLUSION

As plaintiff's second amended complaint fails to establish a plausible discrimination or retaliation claim under Title VII, it is respectfully recommended that plaintiff's motion for a default judgment should be denied and that her second amended complaint, ECF No. 24, should be dismissed.

---

[7] Prior to this case, plaintiff filed "a series of duplicative, frivolous and essentially incompressible complaints" in this district and was enjoined from filing cases *in forma pauperis* without leave of Court. See Heriveaux v. FBI, 15 CV 4999 (ENV)(LB), ECF No. 12. The Court granted plaintiff leave to file the instant action. However, at this juncture, further leave to amend should be denied.

10

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period.  Failure to file a timely objection to this Report generally waives any further judicial review.  Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                  /S/
                                      LOIS BLOOM
                                      United States Magistrate Judge

Dated:  April 4, 2024
        Brooklyn, New York